[No. 21610. Department One. May 9, 1929.]

H. S. McGowan, *Appellant*, v. Bakers Bay Fish Company, *Respondent*, The State of Washington, *Intervener, Respondent.*[1]

*Welsh & Welsh,* for appellant.

*Kelly & MacMahon* and *G. C. & A. C. Fulton,* for respondent.

*The Attorney General, L. B. Donley* and *E. W. Anderson, Assistants,* for intervener, respondent.

Tolman, J.—This is a companion case to that of *Williams Fishing Co. v. Savidge, ante* p. 165, 277 Pac. 459, just decided, and, in its main features, is controlled thereby.

Respondent Bakers Bay Fish Company is the lessee from the state of the lands described in the former opinion under a lease issued after the judgment of dismissal below, and appears to have entered into possession pending the appeal in the former case and interfered with appellant's use of what we have

[1]Reported in 277 Pac. 465.

just held to be a public highway, in drawing and landing its drag seines from its fishing locations in adjacent waters and in transporting its fish by wagon from the landing place to a point where boats could land.

Undoubtedly, therefore, appellant is entitled to an injunction restraining the respondent from interfering with his fishing locations and his legitimate use of the highway and respondent is not entitled to the injunction granted to it by the trial court.

■ Appellant also, in this action, sought the recovery of damages in a large amount because of acts already done, and much of his offered evidence on that issue was rejected or stricken upon the theory that the former case, because of its being brought on behalf of all similarly situated, and because appellant participated in the trial thereof, was *res judicata* as to him. Of course the trial court having so ruled, respondent made no attempt to meet the issue as to damages.

Since the former case has been reversed, the question of *res judicata* is now unimportant and need not be discussed, nor can we further consider the damage issue in the light of the present record.

The judgment appealed from is reversed, with instructions to grant injunctive relief as herein indicated, and to grant a new trial on the damage issue.

HOLCOMB and BEALS, JJ., concur.

FULLERTON, J. (dissenting)—For the reasons stated in my dissent to the case of *Williams Fishing Co. v. Savidge, ante* p. 165, 277 Pac. 459, I dissent from the conclusion reached in this case.